**DISSENT; Opinion Filed November 30, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00786-CV**

**AHMED ZIDAN, Appellant**
**V.**
**ALEXANDER ZIDAN F/K/A MOHAMMED ZIDAN, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02708-2018**

## DISSENTING OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Justice Goldstein

My divergence from the majority opinion is for the limited purpose of addressing the affirmative defense of privilege. The record shows that the communications at issue were privileged and therefore not actionable. I would skip the first two steps of the TCPA analysis, conclude that Ahmed met his step three burden, and reverse the trial court's order denying Ahmed's motion to dismiss. Because I believe the Court's analysis of the privilege issue is incorrect, I respectfully dissent.

For the purposes of this analysis, I will assume the TCPA applies to the TREC report;[1] the parties concede the same, as does the majority. No other communication is challenged for purposes of the TCPA. I will also assume that a prima facie case is established for both claims of tortious interference with existing and prospective contracts as part of step two. Therefore, I will consider only whether Ahmed established his affirmative defense under section 27.005(d).[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

The majority opinion correctly sets forth the applicable law. To summarize, if a communication is made in a legislative, judicial, or quasi-judicial proceeding, it is absolutely privileged and the speaker is entitled to immunity. *Hurlbut v Gulf Atl. Life Ins., Co.*, 749 S.W.2d 762, 768 (Tex. 1988). But absolute immunity does not extend to "unsolicited communications to law enforcement officials" or "initial communications to a public officer" who is "authorized or privileged to take action." *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999) (citing *Hurlbut*, 749 S.W.2d at 768)). Under those circumstances, the speaker is entitled to a *qualified*

---

[1] The TREC report is a form report that references supporting documents that are not part of our record. We are made aware of some of those communications solely due to the TREC response after investigation.

[2] While there was a dispute as to which version of the TCPA applies, for this analysis the result is the same. Under the 2013 amendments, the defendant could move to dismiss based on an affirmative defense proved by a preponderance of the evidence. *See* Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 2, eff. June 14, 2013. Under the current statute, the defendant must conclusively establish the affirmative defense. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(d). Because I conclude that Ahmed met the higher burden under the current statute, I forego the determination of which version of the statute applies.

privilege, which may be defeated with evidence that the communication was made maliciously. *See Shanks*, 169 F.3d at 993; *Hurlbut*, 749 S.W.2d at 768.

Where I diverge from the majority opinion is in deciding which standard applies here. The majority relies on our opinion in *Smith v. Cattier*, in which we held that the defendant was not entitled to absolute immunity because he failed to negate allegations in the plaintiff's petition that the defendant "made statements to criminal investigators." *See* No. 05-99-01643-CV, 2000 WL 893243, at *4 (Tex. App.—Dallas July 6, 2000, no pet.) (not designated for publication). The majority concludes that Ahmed similarly failed to establish his defense of privilege because he offered no proof that his report to TREC was anything other than unsolicited. But whether the TREC report was unsolicited is relevant only if TREC is a "law enforcement official" or "public officer" who is "authorized or privileged to take action." *See Shanks*, 169 F.3d at 993; *Hurlbut*, 749 S.W.2d at 768.

Whether a statement is related to a proposed or existing judicial or quasi-judicial proceeding, thus entitling the speaker to absolute privilege, is a question of law. *See Senior Care Res., Inc. v. OAC Senior Living, LLC*, 442 S.W.3d 504, 513 (Tex. App.—Dallas 2014, no pet.) (citing *5-State Helicopters, Inc. v. Cox*, 146 S.W.3d 254, 257 (Tex. App.—Fort Worth 2004, pet. denied)). "A proceeding is quasi-judicial in nature if it is conducted by a governmental executive officer, board, or commission that has the authority to hear and decide the matters coming before it or to redress the grievances of which it takes cognizance." *5-State Helicopters*, 146

S.W.3d at 257. The privilege extends not just to statements made in a judicial or quasi-judicial proceeding, but also those that are preliminary to such a proceeding. *See Marble Ridge Cap. LP v. Neiman Marcus Grp., Inc.*, 611 S.W.3d 113, 128 (Tex. App.—Dallas 2020, pet. dism'd); *see also 5-State Helicopters*, 146 S.W.3d at 257 ("Even communications made in contemplation of or preliminary to a quasi-judicial proceeding are privileged if they concern a matter that the quasi-judicial body is authorized to investigate and decide.").

The communications at issue in *Smith* were made to the FBI. The complaint at issue here was made to TREC. Unlike the FBI, undisputedly law enforcement with only investigative authority, *see* 28 U.S.C. §§ 531–540C, TREC's authority is broader. As Ahmed pointed out in his motion to dismiss, TREC is a legislatively created body with the power not just to investigate claims related to unauthorized real-estate practices, but also to regulate licensure, impose administrative penalties for violations, and commence hearings before administrative law judges. *See* TEX. OCC. CODE ANN. §§ 1101.151 (powers and duties), .202–5 (complaints and investigations), .351–67 (licensure), .701 (administrative penalty), .705 (hearings).

In *Tervita*, we considered a trial court's denial of an employer's TCPA motion in response to various claims brought by an injured employee, including claims for conspiracy and labor code violations for allegedly false statements made about the employee during testimony in the employee's worker's compensation benefit

proceedings.[3] *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 285 (Tex. App.—Dallas 2015, pet. denied). We concluded that the testimony in question, "given in a quasi-judicial proceeding before a governmental entity with the power to investigate and decide the issue, was an absolutely privileged communication." *Id.* (citations omitted). Thus, we determined that, under section 27.005(d), the company established its defense of absolute privilege as to those claims, and we upheld dismissal of the claims based on the false statements. *See id.* at 285, 287 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d)).

The primary difference between *Tervita* and this case is that the allegedly false statements at issue there were made in a hearing, while Ahmed's allegedly false statements were made in the initial filed complaint. For this analysis, that is a distinction without a difference. In *Watson v. Hardman*, we held that allegedly false statements made in a Rule 202 petition were similarly protected by an absolute privilege and overruled the trial court's denial of the defendant's TCPA motion as to claims based on the statements. *See Watson v. Hardman*, 497 S.W.3d 601, 608–09 (Tex. App.—Dallas 2016, no pet.). Thus, the privilege is not limited to statements made at a hearing or elicited during the judicial or quasi-judicial proceedings; it applies equally to statements made in a written complaint that precedes, and is the

---

[3] Like TREC, the Workers' Compensation Division of the Texas Department of Insurance is a legislatively created body with rulemaking and investigative authority and may commence hearings before administrative law judges. *See* TEX. LABOR CODE ANN. §§ 402.061 (rulemaking authority), 410.151 (hearings before administrative law judges), 414.005 (investigation unit).

basis for, a hearing. *See id.*; *Marble Ridge*, 611 S.W.3d at 128; *5-State Helicopters*, 146 S.W.3d at 257. I disagree with the majority to the extent it has determined otherwise.

Ahmed's complaint was a communication to TREC, a quasi-judicial body authorized to investigate complaints, punish violations, and hold hearings. Communications in such proceedings are entitled to absolute immunity notwithstanding the actor's motivation. To the extent the majority has determined that the TREC communications constitute an unsolicited report to law enforcement or to a public officer that is only entitled to qualified immunity where motivation and malice would be at issue, I disagree. In my opinion, Ahmed met his burden to establish his affirmative defense of absolute privilege, and we should reverse the trial court's order denying Ahmed's motion to dismiss. Because the majority opinion concludes otherwise, I respectfully dissent.[4]

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200786DF.P05

---

[4] I note that this is the first case where we specifically state the summary-judgment standard applies to the "matter of law" consideration in step three of the TCPA analysis. As the dispositive nature of the matter of law analysis may inadvertently establish the law of the case and remove consideration from the jury, a result not within the parameters of the TCPA, I caution that the majority opinion is not intended to limit the parties in developing and proving any particular theory at trial. The majority concludes simply that Ahmed failed to meet his burden to conclusively prove his defense of privilege—i.e., that a "fact issue remains as to whether Ahmed's actions were malicious." Therefore, the affirmative defense of privilege was not established as a matter of law.